**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEDRO HERNANDEZ ZARATE, #55051177,** | § | |
| **Movant,** | § | |
| **v.** | § | **No. 3: 24-cv-02986-E** **(No. 3: 21-cr-00112-E-3)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Pedro Hernandez Zarate's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on November 26, 2024 (Doc. 1). After careful consideration and based on the relevant filings and applicable law, the court, for the reasons herein stated, **denies** the Motion and **dismisses** this action **with prejudice**.

## I. Background

Movant challenges his federal conviction and sentence in Cause No. 3:21-cr-00112-E-3. The respondent is the United States of America ("Government").

### A. Conviction and Sentencing

Movant was charged with two counts of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). Crim. Doc. 11. Movant later pleaded guilty pursuant to a written plea agreement to a superseding information charging one count of conspiracy to possess with intent to distribute methamphetamine under §§ 846, 841(a)(1), and 841(b)(1)(B)(viii), which carried a statutory sentencing range of five to forty years' imprisonment. *See* Crim. Docs. 146; 149 at 1-2. By judgment dated February 9, 2023,

he was sentenced to 360 months of imprisonment. *See* Crim. Doc. 408. The Fifth Circuit dismissed his appeal after concluding there were no nonfrivolous grounds for review. *United States v. Zarate*, No. 23-10164, 2023 WL 5703625, at *1 (5th Cir. Sept. 5, 2023) (per curiam); *see also* Crim. Doc. 527. Movant timely filed this Motion. Doc. 1. The Government opposes § 2255 relief. *See* Response (Doc. 8). In response, Movant filed a reply reasserting his claims for relief. *See generally* Reply (Doc. 11).

**B. Substantive Claims**

Movant's Amended Motion raises multiple claims of ineffective assistance of trial and appellate counsel arising from his criminal proceedings. Specifically, he contends that trial counsel was ineffective for failing to: (1) seek disqualification of attorney Bill McMurry based on alleged conflicts of interest; (2) investigate and call purportedly exculpatory witnesses; (3) properly advise him regarding his right to testify; (4) seek severance from codefendants; (5) challenge certain jury instructions and evidentiary matters; (6) argue that agreements involving FPMC and NRG fell within federal safe-harbor provisions; and (7) properly preserve issues for appeal. Movant also asserts cumulative error and requests an evidentiary hearing. As discussed below, the Court concludes that Movant has failed to establish deficient performance or prejudice under *Strickland*.

**II. Scope of Relief Under § 2255**

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v.*

*Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III. Discussion

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the movant's defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the

evidence before the finder of fact in assessing whether the result would have been reasonably likely to differ absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

*1. Ground One: Alleged Breach of the Plea Agreement*

Movant contends that trial counsel was ineffective for failing to object to the government's alleged breach of the plea agreement. Mot. at 4. He argues that although he pleaded guilty to an offense carrying a statutory sentencing range of five to forty years under 21 U.S.C. § 841(b)(1)(B)(viii), the PSR attributed 203.95 kilograms of methamphetamine to him, which he contends effectively subjected him to the ten-years-to-life range provided by § 841(b)(1)(A). Doc. 2 at 4-5 (Movant's Brief in Support). In his reply, Movant additionally relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), arguing that the greater drug quantity could not be used to increase his sentence because it was neither admitted by him nor found by a jury. *See* Reply at 2-3.

The record refutes the premise of Movant's claim. Movant pleaded guilty to a superseding indictment charging conspiracy to possess with intent to distribute methamphetamine under §§ 846, 841(a)(1), and 841(b)(1)(B)(viii). Crim. Docs. 146; 149 at 1-2. His statutory sentencing range therefore remained five to forty years. *See* § 841(b)(1)(B)(viii). The presentence report ("PSR") attributed 203.95 kilograms of methamphetamine to Movant, resulting in a base offense level of 38 for purposes of calculating his advisory guidelines range; it did not alter the statutory range applicable to his offense of conviction. *See* PSR at 9 (Crim. Doc. 203-1). Movant ultimately received a 360-month sentence, well below the forty-year statutory maximum. Crim. Doc. 408 at 2.

Neither *Apprendi* nor *Alleyne* changes that result. *Apprendi* requires a fact, other than a prior conviction, that increases the statutory maximum penalty to be submitted to a jury and proved

beyond a reasonable doubt. 530 U.S. at 490. *Alleyne* similarly requires a fact that increases a statutory mandatory minimum to be treated as an element of the offense. 570 U.S. at 103. Here, however, the drug quantity attributed to Movant at sentencing increased neither his statutory minimum nor his statutory maximum. It was used to calculate his advisory guidelines range within the statutory range established by his offense of conviction.

Here, the attribution of additional drug quantity for guidelines purposes neither altered Movant's statutory sentencing range nor deprived him of the benefit of his plea agreement. In fact, by pleading guilty to the superseding information, Movant reduced his statutory exposure from ten years to life imprisonment on each of two charged counts to five to forty years on a single count. PSR at 13. Because the Government did not breach the plea agreement and the sentencing court did not violate *Apprendi* or *Alleyne*, any objection on either basis would have been meritless. And Counsel does not render deficient performance by failing to raise a meritless objection. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Thus, Movant cannot demonstrate a reasonable probability that such an objection would have altered his sentence. He therefore establishes neither deficient performance nor prejudice under *Strickland*.

*2. Ground Two: Dangerous-Weapon Enhancement*

Movant next contends counsel was ineffective for failing to object to the two-level dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1). Mot. at 5; Doc. 2 at 10-13. Section 2D1.1(b)(1) provides a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement applies when the weapon was present unless it is "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A). The Government establishes possession by demonstrating by a preponderance of the evidence "that a

temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Caicedo*, 103 F.3d 410, 412 (5th Cir. 1997).

The record supplied ample support for the enhancement. Approximately one month after Movant coordinated the February 25, 2021, transfer of nearly 200 kilograms of liquid methamphetamine, agents searched his residence and recovered 775.3 grams of methamphetamine, seven firearms, ammunition, firearm magazines, and $13,507 in cash. PSR at 6-7. Movant admitted possessing the firearms and further admitted that the firearms and currency seized from his residence were proceeds of unlawful activity or derived from such proceeds. PSR at 7; Crim. Doc. 148 at 4-5.

Movant nevertheless argues that the firearms were not observed during any drug transaction, were not recovered from the Balch Springs drug transfer or subsequent traffic stop, and were not shown to have been located in close proximity to the methamphetamine within his residence. Doc. 2 at 10-12. But § 2D1.1(b)(1) does not require the firearm to be present during a particular drug transaction. *See Caicedo*, 103 F.3d at 412. In *Caicedo*, the Fifth Circuit upheld the enhancement where firearms were recovered from the defendant's residence in proximity to drug paraphernalia approximately two-and-one-half months after separate drug activity, and the defendant remained a participant in the charged conspiracy. *Id.*

Similar circumstances are present here. The firearms were recovered from Movant's residence together with almost a kilogram of methamphetamine, ammunition, magazines, and substantial cash only about one month after the February drug transfer, while Movant remained a participant in the charged conspiracy. PSR at 6-7. His statement that he possessed firearms because he "liked firearms" does not render their connection to his drug-trafficking activity clearly improbable, particularly given his admission concerning their relationship to unlawful proceeds.

*See id.* at 7. The absence of firearms at the Balch Springs transfer site or during the traffic stop, does not alter that conclusion because § 2D1.1(b)(1) looks to the defendant's course of conduct during the offense, not to whether a weapon was present at every individual transaction within a conspiracy. *See United States v. Barry*, 978 F.3d 214, 219 (5th Cir. 2020).

Movant therefore fails to demonstrate that an objection to the § 2D1.1(b)(1) enhancement had merit. Counsel was not deficient for failing to raise it. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Nor has Movant shown a reasonable probability that the Court would have sustained the objection and imposed a lower sentence. Ground Two fails under both *Strickland* prongs.

*3. Ground Three: Manager-or-Supervisor Enhancement*

Movant contends counsel was ineffective for failing to object to the three-level manager-or-supervisor enhancement under U.S.S.G. § 3B1.1(b). Mot. at 7; Doc. 2 at 14-21. Section 3B1.1(b) provides a three-level enhancement when the defendant "was a manager or supervisor (but not an organizer or leader)" of criminal activity involving five or more participants or that was otherwise extensive. Relevant considerations include the defendant's exercise of decision-making authority, participation in planning or organizing the offense, nature and scope of the activity, and degree of control and authority exercised over others. U.S.S.G. § 3B1.1 cmt. n.4.

Movant does not meaningfully dispute that he performed supervisory functions. He acknowledges that he "directed or supervised" the February 2021 drug transaction by asking another participant to assist him in transferring the liquid methamphetamine. Doc. 2 at 17. The sentencing evidence further showed that Movant communicated directly with the Mexican source of supply; coordinated, oversaw, and participated in the transfer of nearly 200 kilograms of liquid methamphetamine; was referred to as "boss" by a cooperating defendant; and managed or

supervised at least two other members of the conspiracy. Crim. Doc. 432 at 18-21, 24, 26-27, 32; Crim. Doc. 434-1 at 1.

Instead, Movant principally argues that he assumed the supervisory role under duress after his brother Ricardo was arrested and the Mexican source of supply suspected Ricardo of stealing drugs. Doc. 2 at 16-20. In his reply, Movant expands this argument, asserting that a cartel member traveled from Mexico to oversee the transaction and that counsel should have elicited testimony concerning the consequences cartel members face for refusing orders. *See* Reply at 8-12.

But the sentencing record does not support Movant's characterization of the evidence. The FBI agent testified that Movant assumed a greater role after Ricardo's arrest and after the Mexican source of supply began distrusting Ricardo because it suspected he was taking drugs from the shipments. Crim. Doc. 432 at 18-19. The agent did not testify that Movant was threatened, compelled to assume Ricardo's role, or otherwise acted under duress. *Id.* And when Movant personally addressed the Court at sentencing, he apologized for his "bad decisions," expressed regret, and accepted the consequences of his actions without suggesting that threats or coercion caused his participation. *Id.* at 45-46.

Movant's unsupported assertions do not establish that counsel possessed, or reasonably should have discovered, evidence supporting a duress-based objection. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations of ineffective assistance are insufficient). More fundamentally, his claimed motivation for assuming a supervisory role does not negate the evidence that he in fact exercised managerial or supervisory authority for purposes of § 3B1.1(b).

Counsel therefore had no basis to raise a meritless objection to the enhancement. *See Kimler*, 167 F.3d at 893. And Movant cannot establish prejudice because he has not demonstrated

a reasonable probability that the Court would have declined to apply the enhancement had counsel made the proposed objection. Ground Three fails.

*4. Ground Four: Drug quantity and downward departure or variance.*

Movant finally contends counsel was ineffective for failing to challenge the drug quantity attributed to him and to seek a downward departure or variance based on duress. Mot. at 8; Doc. 2 at 22-25. He again relies on his contention that the cartel forced him to assume Ricardo's role after Ricardo's arrest. Doc. 2 at 23.

To the extent Movant contends duress provided a basis to exclude drug quantity attributable to his participation in the conspiracy, he fails to identify any legal or factual basis for such an objection. The PSR attributed 203.95 kilograms of methamphetamine to him. PSR at 9. That quantity included approximately 199.97 kilograms of liquid methamphetamine recovered following the February 25, 2021, transaction that Movant coordinated and oversaw. *Id.* at 6-7. Movant does not dispute his participation in that transaction. His unsupported assertion that he acted under duress does not demonstrate that the quantity was improperly included in calculating his relevant conduct.

Nor has Movant demonstrated ineffective assistance based on counsel's failure to seek a downward departure for coercion or duress under U.S.S.G. § 5K2.12. Such a departure may be warranted where the defendant committed the offense "because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." U.S.S.G. § 5K2.12. But, as discussed above, Movant identifies no evidence that he or his family were actually threatened or that he participated in the offense because of coercion. The sentencing testimony established only that Movant assumed a larger role after Ricardo's arrest and after the source of supply began distrusting Ricardo. Crim. Doc. 432 at 18-19, 40.

Further, counsel did present mitigating circumstances in seeking the lowest sentence available within the advisory guidelines range. She requested a 360-month sentence and emphasized Movant's family ties, lack of criminal history, rehabilitative efforts, and other mitigating circumstances. Crim. Doc. 432 at 40-44. The Court imposed the requested 360-month sentence. *Id.* at 46.

On this record, Movant has not shown that counsel acted outside the wide range of reasonable professional assistance by declining to pursue an unsupported duress theory. *See Strickland*, 466 U.S. at 689. He likewise fails to demonstrate a reasonable probability that the Court would have excluded otherwise attributable drug quantity, granted a downward departure or variance, or imposed a sentence below 360 months had counsel presented the argument. Ground Four therefore fails under both *Strickland* prongs.

**IV. Conclusion**

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **denied** and this case **is dismissed with prejudice**.

**So ordered** this 15th day of September, 2026.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE